UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGORY ISAAC KING, | Case No. 17-CV-0838 (JRT/TNL) |
| Plaintiff | |
| v. | REPORT AND RECOMMENDATION |
| BRUCE REISER, Asst Correction Commissioner, | |
| Defendant. | |

Plaintiff Gregory Isaac King initiated this action by submitting a "Civil Rights Complaint Form" intended for use by the United States Attorney's Office for the Southern District of New York alleging that he was denied the right to practice the religion of his choosing during a recently concluded term of incarceration. King did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. Upon initial review of that IFP application, this Court concluded that King qualified financially for IFP status, but that the initial pleading failed to state a claim on which relief may be granted. *See* ECF No. 5.

King's complaint was missing several elements essential for allowing this matter to go forward. Although King made clear that he believed his religious rights had been violated while incarcerated, he did not allege in much detail the events or omissions that caused him to reach that conclusion, other than that he was not permitted to see clergy of his choice while in administrative segregation.[1] Further, King did not include "a demand for the relief sought, which may include relief in the alternative or different types of relief," as required by

---

[1] King also pleaded, in a conclusory fashion, that the defendant had "attempted multiple times to take my life." ECF No. 1 at 1.

Rule 8(a)(3) of the Federal Rules of Civil Procedure. Thus, it was unclear whether King is seeking monetary compensation, injunctive relief, or both in this action. King had sued defendant Bruce Reiser only in his official capacity, but monetary compensation was unlikely to be available from Reiser in that capacity on account of sovereign immunity, and because King was no longer incarcerated, any request for prospective injunctive relief would likely be moot. Nor did King allege why this Court has jurisdiction over the complaint, *see* Fed. R. Civ. P. 8(a)(1), or why this action has been brought in his District, *see* 28 U.S.C. § 1391(b).

Despite these substantial problems, King was given an opportunity to file an amended complaint by no later than June 1, 2017. *See* ECF No. 5. Since that time, Reiser has filed a number of documents which appear to be, at best, only tangentially related to the allegations in the initial complaint that Reiser's rights had been violated while in prison. *See* ECF Nos. 8-11. None of these documents, however, states a claim on which relief may be granted; indeed, it is often difficult to tell what King is even alleging, and the allegations that *are* ascertainable are too scattered and undeveloped to amount to an actionable claim for relief.[2]

As this Court explained previously, an IFP application may be denied and an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). Both King's original complaint and subsequent

---

[2] In addition, none of these documents is labeled as a pleading or amended complaint. The defendant cannot be expected to answer a lawsuit to which the specific allegations in dispute cannot readily be identified.

filings fail that standard. Accordingly, it is now recommended that this action be dismissed without prejudice for failure to state a claim on which relief may be granted.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Gregory Isaac King's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: June 20, 2017                     *s/Tony N. Leung*
                                         Tony N. Leung
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).