# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGORY ISAAC KING, | Civil No. 17-838 (JRT/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON MAGISTRATE JUDGE'S REPORT & RECOMMENDATION** |
| BRUCE REISER *& Associates & Inclusive of Acts on Behalf of a Gang* | |
| Defendant. | |

Gregory Isaac King, General Delivery, 100 Washington Avenue, Minneapolis, MN 55404, *pro se*.

Plaintiff Gregory Isaac King alleges that Defendant Bruce Reiser, former Warden of the Minnesota Correction Facility-Faribault and current Deputy Commissioner of the Minnesota Department of Corrections, denied King the ability to be a supportive husband as required by his religion and also denied King access to clergy during his recent incarceration. (Compl. at 1, Mar. 20, 2017, Docket No. 1; R&R at 1, June 20, 2017, Docket No. 12.) King also alleges that since he was released from prison, Reiser has attempted multiple times to take King's life and has taken away King's civil rights in an abusive and restrictive way. (Compl. at 1.). In a well-reasoned Report and Recommendation ("R&R"), United States Magistrate Judge Tony N. Leung found that King failed to state a claim on which relief may be granted. (R&R at 2-3.) After the R&R was filed, King submitted a number of documents to the Court, none of which specifically objects to the reasoning in the R&R. King also filed two documents styled as

motions: the first requests a "hold on dismissal," (Mot. for Hold on Dismissal, June 20, 2017, Docket No. 14) and includes language generally objecting to dismissal of the case; the second requests that Defendant and his "gang" stop following King's family at home, work, and around the community, (Mot. to Stop Showing Up at Residences ("Mot. for Inj."), June 26, 2017, Docket No. 15). Because King has failed to state a cognizable claim for relief, the Court will adopt the R&R, overrule King's objections, and deny King's motion for preliminary injunction as moot.

## ANALYSIS

### I. THE R&R

Upon the filing of an R&R by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). When a party fails to raise specific objections, the District Court is relieved of the obligation to review the report *de novo*; however, the district court is still under an obligation to evaluate whether the Magistrate's report is correct under clear error review. *Bui v. U.S. Attorney's Office*, No. 15-2001, 2015 WL 6758142, at *1 (D. Minn. Nov. 5, 2015).

The Court construes King's "motion for hold on dismissal" as an objection to the R&R's recommendation that the Court dismiss the action. However, in the motion, King does not provide any specific basis for rejecting the reasoning in the R&R. Furthermore,

King does not respond specifically to the reasoning in the R&R in any of his other filings. Thus, the Court evaluates whether the Magistrate Judge clearly erred.

*Pro se* complaints are to "be given liberal construction . . . in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, King's factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The Court has reviewed the record in its entirety and finds no error in the Magistrate Judge's recommendation that the complaint be dismissed because King has "fail[ed] to state a claim on which relief may be granted" as required under 28 U.S.C. § 1915(e)(2)(B)(ii) for a plaintiff to proceed *in forma pauperis*.[1]

While King maintains that his religious rights were violated, he gives little detail about actual actions taken by Reiser that impermissibly violated his rights. (R&R at 1.) The complaint also does not indicate what relief King is seeking, as required by Fed. R. Civ. P. 8(a)(3). (*Id.* at 1-2.) In the filings submitted since the R&R, King requests a variety of relief that is unrelated to the claims in his complaint and relies on facially implausible factual assertions. For instance, King asks the Court to release six of his

---

[1] Section 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . . .
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

3

family members being held hostage in a room at the Hennepin County Library when there is no evidence of any hostage situation, (Mem. ("Second July 6 Mem.") at 1, July 6, 2017, Docket No. 21); he also requests "18.1 million [dollars] weekly for 85 weeks," equal to the length of time he was incarcerated, and the "gross total of 2.5 billion per victim which is a total of 21 victims estimated" with no reference to who the victims are or how he sustained 18.1 million dollars in damages while incarcerated, (Request at 1-2, May 22, 2017, Docket No. 8); finally, he makes multiple requests that the court enjoin Reiser and his "gang" from "abusing" and "raping" King's family while providing no plausible allegations of abuse or rape. (Mot. for Inj. at 1; Second July 6 Mem. at 1; Mem. at 1, July 6, 2017, Docket No. 22.) Because these requests are divorced from the allegations in the complaint and are based on implausible or nonexistent factual allegations, King fails to state a cognizable request for relief.

Further, while the Court lacks sufficient information to definitively decide the issue, the Court agrees with the Magistrate Judge that dismissal would likely be appropriate under 28 U.S.C. § 1915(e)(2)(B)(iii) because Reiser is likely immune from claims for monetary relief as a state correctional officer sued in his official capacity. *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006); (R&R at 2). Finally, King has not alleged why this Court has jurisdiction over this complaint under Fed. R. Civ. P. 8(a)(1). (R&R at 2.)

For all of these reasons, the Court will adopt the R&R and dismiss the complaint pursuant to § 1915(e)(2)(B)(ii).

## II. KING'S MOTION FOR PRELIMINARY INJUNCTION

King moves to enjoin Reiser and his "gang" from "showing up at residences and work and following [King and others] when they are about the community," (Mot. for Inj. at 1), which the court construes as a motion for preliminary injunction. Because the Court will adopt the R&R dismissing this action under § 1915(e)(2)(B)(ii), the Court will deny King's motion as moot. However, even if mootness were not an issue, the Court would still deny the motion for the following reasons.

When considering a preliminary injunction request, the Court considers; "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). King does not provide any plausible evidence that Reiser and his "gang" showed up at King's family's residence or work or stalked him or his family. Therefore, King has not shown a threat of irreparable harm or likelihood of success on the merits. Without demonstrating both likelihood of success and a threat of irreparable harm, the Court will not grant a preliminary injunction. *Travel Tags, Inc. v. UV Color, Inc.*, 690 F. Supp. 2d 785, 797 (D. Minn. 2010). Because King has not demonstrated either, the Court need not consider the remaining *Dataphase* factors. For these reasons, even if the motion for preliminary injunction were not moot, the Court would still deny the motion on the merits.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge [Docket No. 12] is **ADOPTED**.

2. Plaintiff Gregory Isaac King's application to proceed *in forma pauperis* [Docket No. 2] is **DENIED**.

3. King's Motion for Hold on Dismissal [Docket No. 14], which the Court construes as an objection to the R&R, is **OVERRULED**.

4. King's Motion for Preliminary Injunction [Docket No. 15] is **DENIED AS MOOT**.

5. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 20, 2017          _____s/John R. Tunhiem_____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                              Chief Judge
                                    United States District Court